Kennon, J.
The scire facias shows that Peter Masters was arrested on a charge of larceny, and committed to jail in Knox county. That at the July term, 1848, of the court of common pleas of Knox county, Masters, with the petitioner in error, entered into a recognizance in the usual form, in the sum of four hundred *431 dollars, conditioned for the appearance of Peter Masters at the next term of said court, and on the first clay thereof, and thereafter, from day to day, to answer unto a charge of larceny, and abide the judgment of the court, and not dejDart the court without leave. That afterward, at the next term of said court, to wit, on the 11th day thereof, Masters was three times solemnly called to come into court to answer the indictment found against him. That he came not, but made default. That Henry Swank was likewise called three times to bring into court the body of Masters, but he also made default. That thereupon the said recognizance was declared by said court to be forfeited, all which fully appeared by reference to the recognizance on the records of said court, and the record and entry of said forfeiture on the minutes of said court, which still remained in full force. After the return of the sheriff to the scire facias, the state declared in debt in due form upon the record of the recognizance.
To this declaration the defendant below pleaded three pleas :
1. Nul tiel record.
2. Nil debet.
3. A special plea, the substance of which is, that the defendant, in 431] the court below, at the term of the court at *which Masters was, by the recognizance, bound to a]i>pear, did appear with the said Masters, and that the said court then and there ordered the said cause of the State of Ohio against the said Masters to be continued until the next term thereafter, with the consent of the defendant, who was then and there in open court and consented that the cause should stand continued until said next term, and then and there agreed that he would stand good as security aforesaid for the appearance of Masters at the next term of said court. That at the said appearance term, and after said continuance, the court of common pleas, without the knowledge or consent of the defendant, ordered the recognizance to be forfeited. Issue was taken upon these pleas. The cause was submitted to the district court, without the intervention of a jury, and the entry of the court is in these words: “And the court being fully advised in the premises, do find that the said Henry Swank doth owe to the said State of Ohio the sum of five hundred dollars, and the court being satisfied that there were no reasonable grounds for the appeal, etc., assess twenty-five dollars as damages, being five percent, on said sum of five hundred dollars, according to the statute in such cases made and pro- *432 vided. Whereupon it is considered and adjudged, that the said State of Ohio recover of the said Henry Swank the sum of five hundred dollars, her debt aforesaid, and the said sum of twenty, five dollars, her damages aforesaid, and her costs taxed at blank dollars.”
Upon this record, it is assigned for error:
1. That the district court erred in not passing upon the plea of nul tiel record.
2. That the district court erred in not passing upon the special plea, upon which the state had taken issue. And,
3. That the judgment should have been rendered for the defendant.
The counsel for the petitioner in error, seems to have strong faith in the correctness of his position thus taken, for he makes an affidavit to the petition ; and the counsel *for the defendant [482 in error has equally strong faith, for he answers the petition, and makes affidavit to the answer. It might here be observed, that ■such affidavits were wholly unnecessary, in this case, and ought not to have been made.
The first question to be determined is, whether the third, or special plea, filed in this case, is a good bar to the plaintiff’s right to recover; for, if it is a bar, then it is very clear that the court have not passed on that plea. The finding of the court can not fairly be construed to cover that plea, and according to all, or nearly all, the authorities, the judgment must be reversed. But is this a good plea ?
The conditions of the recognizance are in these words : That if the said Peter Masters shall personally be; and appear before the court of common pleas of Knox county, on the first day of next term thereof, and thereafter,.from day to day, to answer to a charge of larceny, and abide the judgment of the court, and not depart the court without leave, then the recognizance to be void. The object of taking the recognizance or a commitment, is, to secure the attendance of the prisoner at the trial, to have him there in person, in order that the judgment of the court may be executed upon him. Indeed very few steps can be taken in court against him, without his personal, presence; he is to be in attendance when called upon, during the term of his appearance, to abide the judgment of the court, and not depart the court without leave.
In this case, the record shows, and the plea does not deny the *433 fact, that he was solemnly called to' come into court at the appearance term, and came not; that his sureties were also called to bring him to court, and came not. That his default was entered, and his recognizance declared to be forfeited. The petitioner in error, says this is all true enough, but answers by the plea under consideration, that is to say, that by consent the cause was ordered to-be continued until the next term, and that he then and there agreed that he would stand security for Masters until the next term there-433] of; ^that after the continuance, the recognizance was forfeited without his knowledge or consent.
The question under this plea seems to me to be this: Does the court lose its power over the prisoner by postponing the time of trial? Does the continuance itself discharge the surety from the recognizance ? Is the continuance of the cause a leave granted by the court to the prisoner to depart; for the condition is that he shall not depart the court without leave ; that he shall appear at the first day of the term, and thereafter, from day to day, and not. depart without leave. It often happens that on the first day of the term the prisoner shows good cause to the court why the case should be continued until the next term. The state may not be ready for trial, and she may claim a continuance. The court in either case-may grant the motion, and the trial is postponed until the next term of the court. Is the mere entry of the continuance a leave granted by the court to the prisoner to depart ? If so, are the sureties bound for his appearance at the next term? The sureties have bound themselves only for his appearance and presence during the first term, and their obligation can not extend beyond their written obligation, and they are not bound for his appearance at a time not named in the recognizance. Then all the prisoner has to do, so soon as he obtains a continuance of the case, is leave the court, when the intention of the court was to grant no such leave, and thereby avoid his own obligation and exonerate his sureties.
In the case Keefhaver v. The Commonwealth, 2 Penn. 241, Chief Justice Gibson, in his opinion, says that “ recognizances, being for-the appearance at the next, and not at any succeeding term, are to be discharged at the end of the tprm by committing the prisoners, delivering them on bail, or setting them at large. But to avoid the trouble of renewing the security, it is sometimes the practice, when the bail consent, to forfeit the recognizance and respite it until the next term; and this answers the purpose perfectly well.’
*434, 435 ^Before the expiration of the term it is the duty of th e [434 state to have the prisoner called, require a new recognizance for his ■appearance at the next term thereafter, and on failure of the prisoner to enter into the new recognizance, he should be committed to jail.
The continuance of the cause for trial to the next term has nothing to do with the proper mode of securing the attendance of the prisoner at that term. Indeed, until the continuance takes place, •upon the motion of the state or prisoner, it can not be known that the attendance of the prisoner will be required at the next term, and no recognizance could be required of him to appear at a subsequent term. It is the continuance which creates the necessity for the new recognizance.
We think no other construction can be put upon this recognisance, and that at the time of the continuance, or at any time thereafter, during the appearance term mentioned in the condition of the recognizance, the prisoner may bo called and required to enter into a new recognizance, and in default of giving the bail required by the court, he may be committed to the jail of the county. 'That if he does not appear when called, he has failed to comply with the condition of his recognizance, and the court may well declare his recognizance forfeited.
This plea, however, goes one step further, and says the sureties agreed to stand for his appearance at the next term. How, or with ■whom they agree, does not appear; but nothing of that kind, short a new recognizance, would exonerate them from the obligation of their first recognizance, and this the petitioner in error does not by his plea claim.
This plea, therefore, in the opinion of this court, was no defense •to the action, and if the case had been submitted to a jury, and they had found this plea to be true, and had found the issues on the plea of nul tiel record and nil debet in favor of the state, the court should 'have rendered judgment for the plaintiff. So that the defendant below had not been injured by the court not passing on this plea. So far, therefore, *as this plea is concerned, there is no error. [435 'Still it is a very clear proposition that the verdict of the jury, or finding of the court, must respond to all the issues made up between the parties, where those issues are material.
It is claimed, in this case, that the finding of the district court was no answer to the plea of nul tiel record, and therefore the judg *436 ment is erroneous. The finding of the court is in these words: “We do find that Henry Swank' doth owe to the State of Ohio the sum of five hundred dollars.” Nothing is said about the plea of nul tiel record. The court, however, will not reverse a judgment entered upon an informal verdict, if it substantially answers the plea. Indeed, it is not claimed that this finding.is not a substantial answer to the jfiea of nil debet. The finding may be informal, but is a response to that plea. When put in form, it would read thus: “ We find that Henry Swank doth owe to the State of Ohio the sum of five hundred dollars, in manner and form as the plaintiff hath declared against him.” There is but one count in the declaration, and that is founded on the recognizance for the payment of five hundred dollars. Taking, therefore, the whole record, the issue, and the finding of the court, and it is quite manifest that the finding of the court is a full answer to the plea of nil debet, and that the five hundred dollars were due upon the reoognizanee. This plea of nil debet,- however, puts in issue every material fact stated in the plaintiff’s declaration. Such facts are not only put in issue by that plea, but the proof is thrown on the plaintiff, and if he fails to prove-any fact material to Ms right of recovery, the court or jury, as the case may be, must find for the defendant on that issue. On the trial of the issue of nil debet, it was very material for the plaintiff to produce the record described in his declaration. It was the very foundation of his action. Surely, then, this court may safely say that the district court did pass upon the plea of nul tiel record in their finding upon the plea of nil debet.
The case under consideration would be not much unlike a case in 436] assumpsit, in which the plaintiff, in his declaration, ^alleged a promise on the part of the defendant, to be by him fulfilled upon the performance of a condition precedent on the part of the plaintiff,, and the plaintiff had averred a performance on his part of the condition precedent; to which the defendant had pleaded: 1. Non-performance of the condition precedent; and, 2. Non-assumpsit, and the jury found that the defendant did assume and promise, in manner and form, etc., but did not, in terms, pass upon the plea of nonperformance of the condition precedent. Under non-assumpsit, the jury must have found the performance of the condition precedent, and in such a case, who could doubt but that judgment should go for the plaintiff? There is little if any difference between the case-nut and the one now under consideration.
*437 Before this court would reverse a judgment, under such circumstances, it would require some authority in point requiring such reversal. Upon this point, the counsel for the petitioner in error, has referred us, among other authorities, to the following decided cases: Headly v. Roby, 6 Ohio, 524; Hewson v. Saffin & Smith, 7 Ohio (pt. 2), 232; Martin v. The Clinton Bank, 10 Ohio, 197 ; 5 Ohio, 227, and 9 Ohio, 131; and particularly to Gatewood v. Palmer, 10 Humph. (Tenn.) 466, which is said to be exactly in point. "With the exception of this last case, which we could not obtain, we have carefully examined the other cases, and find that the case under consideration does not fall within the principle decided in any of those cases. Indeed, the case of Martin v. The Clinton Bank, is a very strong authority against the petitioner.
That was an action of assumpsit to which the defendant pleaded: 1. Non-assumpsit, and then two special pleas in bar, one of which alleged that the bill of exchange was procured by a corrupt agreement on the part of the bank to obtain usurious interest, and was therefore void. The jury found that the defendant did assitme and promise in manner and form, etc., and assessed the damages upon which judgment was rendered in favor of the bank. The court in bank ^affirmed the judgment, although nothing was said in [487 the verdict about either of the special pleas. The court, in refusing to reverse the judgment, said in substance: “ If the defendant below had proved the special plea, the bill would have been void, and therefore the jury could not have found that the defendant promised, without passing on the special plea.” The difference between the two cases is this: in the case under consideration, unless the plaintiff proved that the defendants plea of nul tiel record was untrue, the court could not find that defendant owed. In the case in 14 Ohio, unless the defendant failed to prove his plea true, the plaintiff would be entitled to recover. They are both decided upon the principle that where the jury, in passing upon one issue, necessarily decide another, judgment may be entered upon the verdict, although the other issue is not mentioned. The case in 10 Humphrey, upon which the counsel for the petitioner relies as a decided case exactly in point, is this, according to their statement of the case: “The defendant pleaded nul tiel record and payment; the jury found a verdict, and judgment was rendered for the plaintiff, on the plea of payment; but there was no finding on the plea of nul tiel record, and it was held that the judgment was erroneous, and must be re *438 vérsed. It is not stated what the finding of the jury was, except that there was no finding on the plea of nul tiel record.” I suppose from the statement, that the jury found that the defendant had not paid the claim or debt. In such a finding, it by no means necessarily follows that because a claim was not paid, that it therefore once existed, and was founded on a record. The case,’ as reported by counsel for the petitioner, would have very little weight-in the decision' of this case. It by no means militates against .the principle claimed in favor of affirming this judgment.
Upon the whole, this court is of opinion that there is no error in the record, and the j udgment will therefore be affirmed, with costs.